## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| Levi Lamoreau, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Credit Acceptance Corporation, | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Levi Lamoreau, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.     The Plaintiff, Levi Lamoreau ("Plaintiff"), is an adult individual residing in Bath, Maine, and is a "person" as defined by 47 U.S.C. § 153(39).

1

4.     Defendant Credit Acceptance Corporation ("CAC"), is a Michigan business entity with an address of 601 Abbot Road East,  Lansing, Michigan 48823, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.     Within the last year, CAC began calling to Plaintiff's cellular telephone, number 207-xxx-3468, using an automatic telephone dialing system ("ATDS"). CAC called Plaintiff in an attempt to reach his wife.

6.     When Plaintiff answered calls from CAC, he heard silence and had to wait on the before he was connected to the next available representative.

7.     On or about October 15, 2018, Plaintiff advised CAC that it was calling his personal cellular telephone where his wife could not be reached and requested that all calls to his cellular telephone number cease.

8.     Nevertheless, CAC continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

9.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

11.     In expanding on the prohibitions of the TCPA, the Federal

Communications Commission ("FCC") defines a predictive dialer as "a dialing

system that automatically dials consumers' telephone numbers in a manner that

"predicts" the time when a consumer will answer the phone and a [representative]

will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The

FCC explains that if a representative is not "free to take a call that has been placed

by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a

dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on

companies that "abandon" calls by setting "the predictive dialers to ring for a very

short period of time before disconnecting the call; in such cases, the predictive

dialer does not record the call as having been abandoned."  *Id*.

12.     Defendant's telephone system(s) have some earmarks of a predictive

dialer.

13.     When Plaintiff answered calls from Defendant, he heard silence

before Defendant's telephone system would connect him to the next available

representative.

14.     Defendant's predictive dialers have the capacity to store or produce

telephone numbers to be called, using a random or sequential number generator.

15.     Defendant placed automated calls to Plaintiff's cellular telephone n

umber despite knowing that it lacked consent to do so.  As such, each call placed to

Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

17.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 15, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Levi Lamoreau
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com